## NEPONSET MEADOW COMPANY *vs.* FRANK L. TILESTON & another.

Norfolk. Jan. 27, 1881; March 7. — June 26, 1882. ENDICOTT & DEVENS, JJ., absent.

The St. of 1876, c. 75, authorizing the owners of meadow lands lying on each side of the Neponset River to form a corporation for the purpose of draining and improving the meadows, and providing that the act shall take effect on its acceptance by a less number than all the owners, is unconstitutional, so far as it authorizes the corporation to maintain complaints under the mill act, Gen. Sts. c. 149, for flowing the meadows of owners who have not assented to the act.

COMPLAINT under the mill act, Gen. Sts. c. 149, for flowing certain meadow lands on the Neponset River. The case was submitted on agreed facts to the Superior Court, which ordered judgment for the respondents; and the complainant appealed to this court. The facts, so far as material to the point decided, appear in the opinion.

The case was argued at the bar in January 1881, by *L. M. Child*, for the complainant, and by *W. Gaston & A. Churchill*, for the respondents; and was reargued in March 1882, by *B. F. Butler & Child*, for the complainant, and by *Gaston & Churchill* for the respondents.

MORTON, C. J. The St. of 1876, c. 75, makes the owners of the meadow lands lying on each side of Neponset River, within certain defined limits, a corporation by the name of the Neponset Meadow Company, for the purpose of draining and improving the said meadows. The purposes of the act and the general powers conferred upon the corporation seem to be substantially the same as are provided for in the General Statutes relating to

"improving meadows and swamps." Gen. Sts. *c.* 148. Pub. Sts. *c.* 189.

But this act provides that the corporation "shall have power to prosecute and maintain complaints under chapter one hundred and forty nine of the General Statutes," a power not contained in the Gen. Sts. *c.* 148, or in any other private statute to which our attention has been called. The act does not purport to transfer the title in the meadows to the corporation, and it cannot be contended that the Legislature has the constitutional power to transfer the title of the owners to the corporation against their consent, without making any provision for compensation. The object was to make them a proprietary, to enable a large number of meadow owners conveniently to manage their estates for the common benefit. *Holland* v. *Cruft*, 3 Gray, 162. The only power, therefore, which the complainant has to maintain the complaint in this case, is derived from the provision of the act of incorporation above cited.

It is clear that the intention of the Legislature was to give to the corporation the exclusive right to. maintain complaints under the mill act, and that a recovery of judgment by the corporation would bar the rights of the several meadow owners to maintain such complaints. Otherwise, the effect of the statute would be to make the mill owner liable twice for the same damage, to the corporation and to the owners of the meadows flowed.

By the terms of the act, it is not to take effect until accepted by three quarters of all the meadow owners; and it is admitted, as one of the facts in this case, that there are several owners of meadow lands described in said act and in the complaint who do not accept or assent to said act.

If the provision authorizing the corporation to maintain complaints under the mill act is unconstitutional and void as to such dissenting meadow owners, they would not be precluded, by a judgment obtained by the complainant in this case, from bringing and maintaining complaints for the damage to their meadows; and it follows that the respondents must ask for a determination of the question of the constitutionality of this provision as to dissenting owners, in order to protect themselves from the liability to pay double damages.

It cannot be questioned that the right to recover damages for flowing a man's land is a valuable right of property vested in him. The Legislature cannot take this right of property from him and confer it upon another man or corporation, unless it takes it for some public use. *Morse* v. *Stocker,* 1 Allen, 150. *Talbot* v. *Hudson,* 16 Gray, 417. And if, by an act of the Legislature, private property is taken for a public use, the act must provide for an adequate compensation to the owner for the property taken, or it is in violation of the Constitution and void. *Boston & Lowell Railroad* v. *Salem & Lowell Railroad,* 2 Gray, 1. *Haverhill Bridge* v. *County Commissioners,* 103 Mass. 120. *Connecticut River Railroad* v. *County Commissioners,* 127 Mass. 50.

The statute we are considering authorizes the corporation to prosecute and maintain complaints under the mill act for damages to all the meadows described in it. It is to recover judgments in such suits, and to receive and hold the damages recovered. No provision is made that it is to receive and hold them for the benefit of the several meadow owners, and no provision is made for compensation to them for the property thus taken from them and vested in the corporation. If the statute can be regarded as authorizing a taking for a public use, yet there is the fatal difficulty that it makes no provision for compensation.

For these reasons, without considering the other objections raised to the statute, we are of opinion that the provision authorizing the corporation to prosecute and maintain complaints under the Gen. Sts. *c.* 149 is unconstitutional and void, and therefore that this complaint cannot be maintained.

*Judgment affirmed.*